## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**CHOON'S DESIGN LLC**,
a Michigan limited liability company,

      Plaintiff

v.

**ZENACON, LLC**,
a Florida limited liability company,
**STEVEN VERONA**, an individual, and
**GEEKY BABY, LLC,** a Florida limited
liability company,

      Defendants

---

**ZENACON, LLC**,
a Florida limited liability company,

      Third Party Plaintiff

v.

**CHEONG CHOON NG**, an individual,

      Third Party Defendant.

Case No. 2:13-cv-13568-PJD-RSW

Hon. Patrick J. Duggan

---

### SECOND AMENDED COMPLAINT & JURY DEMAND

NOW COMES Plaintiff Choon's Design LLC ("Choon"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Second Amended Complaint against Defendants Zenacon, LLC ("Zenacon"), Steven Verona, and Geeky Baby, LLC ("Geeky Baby") (collectively "Defendants") states as follows:

### PARTIES

1.    Choon is a Michigan limited liability company having its primary place of business at 48813 West Road, Wixom, MI 48393.

2.     Zenacon is a Florida limited liability company with its primary place of business at 1111 Lincoln Road 4th Floor, Miami Beach, FL 33139.

3.     Steven Verona is an individual having an address at 1111 Lincoln Road 4th Floor, Miami Beach, FL 33139.

4.     Geeky Baby is a Florida limited liability company with its primary place of business at 2255 Glades Road, Suite 324A, Boca Raton, FL 33431.

## JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331 (federal question), §1332 (diversity), §1338 (patents), and 28 U.S.C. §1367 (supplemental jurisdiction).

6.     Zenacon and Geeky Baby are subject to personal jurisdiction in this Court.  In particular, this Court has personal jurisdiction over Zenacon and Geeky Baby because they have engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district.  Furthermore, upon information and belief, this Court has personal jurisdiction over Zenacon and Geeky Baby in this case because they have committed acts giving rise to Choon's claims within and directed to this judicial district.  For instance, Zenacon and Geeky Baby have sold and shipped products to customers located in this judicial district.  Steven Verona is subject to jurisdiction in this Court for the same reasons as Zenacon and Geeky Baby by virtue of the fact that he is the owner of Zenacon and Geeky Baby, which are simply his alter egos, and he owns and controls the domain names that are alleged to be infringing Choon's federally registered trademark.

7.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

## **BACKGROUND**

8.     In late 2011, Choon introduced its Rainbow Loom product – a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items – to the market ("the Rainbow Loom").

9.     Choon introduced the Rainbow Loom by selectively placing it in specialty toy and craft stores.  Choon did not initially sell the product to any retail chains – although it does now.

10.     Notwithstanding, the Rainbow Loom product was, from the get go, received with great fanfare and accomplished almost immediate and monumental success – even without any relationships with retail chains.

11.     The Today show featured Choon's Rainbow Loom as the "Summer's hottest craft craze" in a story aired August 15, 2013.

12.     In an article dated July 19, 2013 (attached as **Exhibit A**), one store owner noted "[w]e are selling the Rainbow Loom like crazy!"  The article further notes that the Rainbow Loom is "[t]he summer obsession … [and] … is flying off shelves so quickly that stores can't keep them in stock for long."  *Id.*  The popularity of the Rainbow Loom has "'spread like wildfire throughout the country,' especially with kids 5 to 15."  *Id.*

13.     Since its introduction into the market less, Choon has sold more than one million Rainbow Looms.  Of course, Choon has also sold large volumes of other complementary products that are used with the Rainbow Loom such as rubber bands and C-clips (which are used to hold the two ends of a necklace or bracelet together).  This tremendous success has led to numerous copycats trying to capitalize on Choon's hard work.

14.     Choon owns and uses U.S. Trademark Registration No. 4345796 for the RAINBOW LOOM mark and uses this mark in connection with its Rainbow Loom products.  A copy of this registration has been attached as **Exhibit B**.

15.     After taking note of Choon's great success, Zenacon, Geeky Baby, and its owner Steven Verona, decided to take action, producing their own loom kit, the Fun Loom, which came with the loom, rubber bands, and C-clips, among other things.  Zenacon and Geeky Baby also sold the rubber bands and C-clips separately and advertise them for use with their looms as well as with Choon's Rainbow Loom.  (**Exhibit C**.)

16.     The C-clips sold with Choon's Rainbow Loom have a unique and non-functional "c" shaped design, creating a distinctive look and feel for the clip used to connect rubber bands.

17.     Choon exclusively uses this trade dress design for the C-clips that it sells with the Rainbow Loom.

18.     Choon's C-clip trade dress is unique, and in a world where rubber brand bracelets and necklaces are becoming extremely popular, it is the clasp that distinguishes various brands of looms and/or loom kits.

19.     A comparison of Zenacon and Geeky Baby's and Choon's C-clips, showing how Zenacon and Geeky Baby copied Choon's distinctive trade dress, is shown below:

<u>Choon's C-Clip</u>                   <u>Zenacon's/Geeky Baby's C-Clip</u>

   

4

20.     Zenacon and Geeky Baby sold their Fun Loom through various channels, including its websites – which were accessible through various domain names.

21.     At the time Zenacon and Geeky Baby introduced and sold the Fun Loom, they also offered Choon's Rainbow Loom product for sale on its website.  (See screenshot at **Exhibit D.**)

22.     Although Choon had not sold any looms to Zenacon or Geeky Baby, nor did it provide Zenacon or Geeky Baby with authority to sell its looms, Zenacon and Geeky Baby still made the representation that they could sell Choon's Rainbow Looms.

23.     Steven Verona owns the following domain names and Zenacon and Geeky Baby offered and/or offer its products for sale at these websites: www.rainbowloomplus.com, www.rainbow-loom.com, www.rainbowloombands.com, and www.rainbowlooms.com.  Each of these domain names utilizes Choon's federally registered RAINBOW LOOM mark.

24.     Zenacon and Geeky Baby also sell their products through their website www.funlooms.com.

25.     Even worse, Zenacon and Geeky Baby are using Choon's promotional materials to advertise and sell their own loom product.  For example, Fun Loom posted the photograph below on its Facebook page.  Not only is this a photo taken directly from Choon's website and product packaging, but the photo actually includes the hands/arms of the owner of Choon's wife and daughters.

5



26.     Defendants' use of Choon's RAINBOW LOOM mark, or confusingly similar variations thereof, as domain names for websites to sell similar products without Choon's permission constitutes a use in commerce and a violation of the exclusive rights granted to Choon under 15 U.S.C. § 1114, which prohibits any person without the consent of the registrant to use the mark or colorable imitation "in connection with the sale, offering for sale, distribution or advertising of any goods in connection with which such use is likely to cause confusion."

27.     Similarly, Defendants' use of Choon's RAINBOW LOOM mark, or confusingly similar variations thereof, as domain names for websites to sell similar products without Choon's permission constitutes a violation by Defendants of 15 U.S.C. § 1125, which prohibits any person from causing "confusion or to cause mistake or to deceive as to the affiliation, connection or association of such person with another person as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person."

28.     Choon also owns several U.S. patents that cover its Rainbow Loom.

29.     Specifically, on July 16, 2013, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,485,565 ("the '565 patent"), entitled "Brunnian Link Making Device and Kit."  A true and correct copy of the '565 patent is attached hereto as **Exhibit E**.

30.     The '565 patent names Cheong Choon Ng as inventor.

31.     Choon is the owner by assignment of all right, title and interest in the '565 patent.

32.     The '565 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

33.     Zenacon's and Geeky Baby's Fun Loom infringes one or more of the claims of Choon's '565 patent.

34.     Additionally, on December 31, 2013, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D696,576 ("the '576 design patent"), entitled "Clip For Securing Elastic Bands."  A true and correct copy of the design patent is attached hereto as **Exhibit F**.

35.     The '576 design patent names Cheong Choon Ng as inventor.

36.     Choon is the owner by assignment of all right, title and interest in the '576 design patent.

37.     The '576 design patent generally relates to, *inter alia*, a clip for securing elastic bands. The clip generally has a C-shape.

38.     Zenacon's and Geeky Baby's Fun Loom includes clips that infringe the '576 design patent. Also, upon information and belief, Zenacon and Geeky Baby sell refill kits that include rubber bands and C-clips.

## COUNT I – ZENACON'S, GEEKY BABY'S, AND STEVEN VERONA'S DIRECT INFRINGEMENT OF THE '565 PATENT

39.     Choon incorporates and re-alleges Paragraphs 1 through 38 as each were fully set forth herein.

40.     The '565 patent remains valid, enforceable and unexpired.

41.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona are directly infringing and have directly infringed the '565 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the Fun Loom which is covered by the '565 patent.

42.     The Fun Loom falls within the scope of one or more claims of the '565 patent. Upon information and belief, Zenacon, Geeky Baby, and Steven Verona directly infringe at least claims 1 and 6-18 of the '565 patent.

43.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona have actual knowledge of the '565 patent and knowledge of their infringement of the '565 patent.

44.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona's infringement has been and continues to be willful and deliberate.

45.     As a result of Zenacon's, Geeky Baby's, and Steven Verona's infringement, Choon will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT II – ZENACON'S, GEEKY BABY'S, AND STEVEN VERONA'S CONTRIBUTORY INFRINGEMENT OF THE '565 PATENT

46.     Choon incorporates and re-alleges Paragraphs 1 through 45 as each were fully set forth herein.

47.     As described in Count I, the Fun Loom and the use of the Fun Loom fall within the scope of at least claims 1 and 6-18 of the '565 patent.

48.     Upon information and belief, with knowledge of the '565 patent, Zenacon, Geeky Baby, and Steven Verona have contributed to and continue to contribute to the infringement of the '565 patent under 35 U.S.C. § 271(c) by selling, offering to sell and/or importing the Fun Loom for use by their customers.  Zenacon's, Geeky Baby's, and Steven Verona's customers directly infringe the '565 patent by using the Fun Loom to create linked items from elastic bands.

49.     Upon information and belief, the Fun Loom is marketed and sold to customers who use it to create linked items for elastic bands.  By following the instructions provided by Zenacon, Geeky Baby, and Steven Verona, customers who use the Fun Loom directly infringe the '565 patent.

50.     Upon information and belief, Zenacon's, Geeky Baby's, and Steven Verona's Fun Loom has no substantial non-infringing use for at least the reason that the Fun Loom can only be used to directly infringe the '565 patent.  In other words, when Zenacon's, Geeky Baby's, and Steven Verona's instructions are followed, the Fun Loom is only used in an infringing manner, and is only advertised by Zenacon, Geeky Baby, and Steven Verona for such an infringing use. See Instruction Manual attached as **Exhibit G**.

51.     Upon information and belief, the accused Fun Loom also constitutes a material part of the invention of the '565 patent for at least the reason it is the very product used to practice the invention of the '565 patent.

52.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona know that the accused Fun Loom is especially made or especially adapted for use in an infringement of

the '565 patent for at least the reason that the Fun Loom is advertised, sold, and/or offered for sale only to create linked items from elastic bands in a manner covered by the '565 patent.

53.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona have actual and/or constructive knowledge of the '565 patent and that Zenacon's, Geeky Baby's, and Steven Verona's customers' use of the accused Fun Loom directly infringes the claims of the '565 patent.  Zenacon, Geeky Baby, and Steven Verona have this knowledge by virtue of at least their receipt of Choon's letter to Zenacon dated June 14, 2013 wherein Choon identified the application which issued as the '565 patent to Zenacon, Geeky Baby, and Steven Verona.

54.     Upon information and belief, at the very least, Zenacon, Geeky Baby, and Steven Verona were willfully blind as to the existence of the '565 patent, and therefore willfully blinded themselves to their customers' direct infringement of the '565 patent resulting from their use of the Fun Loom.

55.     As a result of Zenacon's, Geeky Baby's, and Steven Verona's contributory infringement, Choon will suffer severe and irreparable harm, unless the infringement is enjoined by this Court, and has suffered substantial damages.

### COUNT III – ZENACON'S, GEEKY BABY'S, AND STEVEN VERONA'S INDUCED INFRINGEMENT OF THE '565 PATENT

56.     Choon incorporates and re-alleges Paragraphs 1 through 55 as each were fully set forth herein.

57.     Upon information and belief, with knowledge of the '565 patent, Zenacon, Geeky Baby, and Steven Verona have induced to and continue to induce to the infringement of the '565 patent under 35 U.S.C. § 271(b) by selling, offering to sell and/or importing the Fun Loom and its replacement rubber bands for use by its customers.  Zenacon's, Geeky Baby's, and Steven

10

Verona's customers directly infringe by using the Fun Loom and the replacement rubber bands to create linked items.

58.     Zenacon, Geeky Baby, and Steven Verona specifically intended their customers to infringe at least claims 1 and 6-18 of the '565 patent and knew that their customers' acts constituted infringement.   Upon information and belief, despite a high likelihood that their actions would induce their customers' direct infringement of the '565 patent, Zenacon, Geeky Baby, and Steven Verona marketed and sold the Fun Loom and replacement rubber bands to its customers to practice the claimed invention.   Zenacon's, Geeky Baby's, and Steven Verona's customers directly infringe the '565 patent by creating linked articles from elastic bands by following the instructions provided with the Fun Loom Bracelet Kits and on Zenacon's website.

59.     With regards to the rubber bands, Zenacon, Geeky Baby, and Steven Verona induced people to infringe claims 6-18 of the '565 patent by selling their rubber bands for use on the Fun Loom.

60.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona knew that their customers' actions, when performed, would directly infringe the '565 patent.   At the very least, this is based on the fact that Choon sent Zenacon a letter dated June 14, 2013 indicating that such actions, as taken by Zenacon or anyone else, would constitute infringement.

61.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona have not made any changes to the Fun Loom despite their knowledge of the '565 patent.

62.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona have not made any changes to any of its publically available instructional materials, despite their knowledge of the '565 patent.

63.     Upon information and belief, despite having actual knowledge of the '565 patent, Zenacon, Geeky Baby, and Steven Verona continue to actively induce infringement of the '565 patent by continuing to promote the infringing Fun Loom and replacement rubber bands. Zenacon, Geeky Baby, and Steven Verona intended their customers to directly infringe the '565 patent, or at the very least, were willfully blind to the fact that Zenacon's, Geeky Baby's, and Steven Verona's customers' use of the infringing Fun Loom and replacement rubber bands would directly infringe the '565 patent.

64.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona have actual knowledge of the '565 patent. Zenacon, Geeky Baby, and Steven Verona have this knowledge by virtue of at least their receipt of Choon's letter to Zenacon dated June 14, 2013 wherein Choon identified the application which issued as the '565 patent to Zenacon, Geeky Baby, and Steven Verona.

65.     As a result of Zenacon's, Geeky Baby's, and Steven Verona's inducement of infringement, Choon will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT IV – TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114

66.     Choon incorporates and re-alleges Paragraphs 1 through 65 as each were fully set forth herein.

67.     Zenacon's, and Geeky Baby's, and Steven Verona's conduct in using RAINBOW LOOM in connection with the "sale, offering for sale, distribution, or advertising," is causing confusion and constitute infringement of Choon's federally registered RAINBOW LOOM mark in violation of the Lanham Act 15 U.S.C. § 1114 and has cause substantial damage to Choon.

12

68.     Specifically, Zenacon, Geeky Baby, and Steven Verona used Choon's RAINBOW LOOM mark in connection with the above identified domain names and content included on the associated websites, including but not limited to its offer for sale of Choon's Rainbow Loom Bracelet Kit.

## COUNT V – TRADEMARK INFRINGEMENT
## IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

69.     Choon incorporates and re-alleges Paragraphs 1 through 68 as each were fully set forth herein.

70.     Zenacon's, Geeky Baby's, and Steven Verona's actions in using or causing confusion with Choon's RAINBOW LOOM mark to "cause confusion or to cause mistake or to deceive as to the affiliation, connection or association … as to the origin, sponsorship or approval" with Choon constitutes a violation of the Lanham Act, 15 U.S.C. § 1125(a), and has caused substantial damage to Choon.

## COUNT VI – TRADE DRESS INFRINGEMENT
## IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. §1125(a)

71.     Choon incorporates and re-alleges Paragraphs 1 through 70 as each were fully set forth herein.

72.     Zenacon's and Geeky Baby's activities of making and selling C-clips embodying the trade dress from Choon's C-clips are prohibited by 15 U.S.C. §1125(a) and constitutes trade dress infringement.

73.     Zenacon's and Geeky Baby's acts complained of herein infringe Choon's rights in the trade dress, as they are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Zenacon's and Geeky Baby's products with Choon, or

as to the origin, sponsorship or approval of Zenacon's and Geeky Baby's goods, services or commercial activity in violation of Choon's rights, within the meaning of 15 U.S.C. § 1125(a).

74.     Zenacon's and Geeky Baby's acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up in the trade dress, or otherwise injuring Choon.

75.     Zenacon's and Geeky Baby's acts complained of herein jeopardize the entire goodwill symbolized by Choon's trade dress, causing serious and irreparable injury to Choon for which it has no adequate remedy at law.

## COUNT VII - CYBERPIRACY

76.     Choon incorporates and re-alleges Paragraphs 1 through 75 as each were fully set forth herein.

77.     The RAINBOW LOOM mark is "famous" within the meaning of Section 43(c)(1) of the Lanham Act, 15 U.S.C. §1125(d).

78.     The RAINBOW LOOM mark is distinctive, inherently or through acquired distinctiveness, within the meaning of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

79.     Choon is the owner of the RAINBOW LOOM mark.

80.     Choon has used and is using the RAINBOW LOOM mark for commercial purposes, including without limitation the Internet domain names www.rainbowloom.com,  as well as on its Rainbow Loom products.

81.     On information and belief, Steve Verona has registered and Zenacon has used the domain         names         www.rainbowloomplus.com,         www.rainbow-loom.com, www.rainbowloombands.com, and www.rainbowlooms.com.

14

82.     The domain names www.rainbowloomplus.com, www.rainbow-loom.com, www.rainbowloombands.com, and www.rainbowlooms.com were identical or confusingly similar to the RAINBOW LOOM mark at the time of registration.

83.     The RAINBOW LOOM mark was famous at the time the domain names www.rainbowloomplus.com, www.rainbow-loom.com, www.rainbowloombands.com, and www.rainbowlooms.com were registered.

84.     Steven Verona,Zenacon and Geeky Baby, either directly or through its agent, registered and subsequently used the domain names www.rainbowloomplus.com, www.rainbow-loom.com, www.rainbowloombands.com, and www.rainbowlooms.com with a bad faith intent to profit from famous marks owned by Choon, without reasonable grounds to believe that the use of the domain names were a fair use or otherwise lawful, and with the intent of diluting the RAINBOW LOOM mark and creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the site with the RAINBOW LOOM mark and Choon.

85.     Steven Verona, Zenacon and Geeky Baby, either directly or through its agent, registered and has subsequently used the domain names www.rainbowloomplus.com, www.rainbow-loom.com, www.rainbowloombands.com, and www.rainbowlooms.com with a bad faith intent to profit from distinctive marks owned by Choon, without reasonable grounds to believe that the use of the domain names were a fair use or otherwise lawful, and with the intent of creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the site with the RAINBOW LOOM mark and Choon.

## COUNT VIII – VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

86.     Choon incorporates and re-alleges Paragraphs 1 through 85 as each were fully set forth herein.

15

87.     Zenacon's, Geeky Baby's, and Steven Verona's acts complained of herein violate the Michigan Consumer Protection Act, M.C.L. § 445.903(1), as they constitute unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce.

88.     Zenacon's, Geeky Baby's, and Steven Verona's unfair acts are willful, and have caused, and if not restrained by this Court, will continue to cause Choon serious and irreparable injury for which it has no adequate remedy at law.

## COUNT IX – UNFAIR COMPETITION IN VIOLATION OF MICHIGAN COMMON LAW

89.     Choon incorporates and re-alleges Paragraphs 1 through 88 as each were fully set forth herein.

90.     Zenacon's, Geeky Baby's, and Steven Verona's acts complained of herein constitute unfair competition in violation of the common law of Michigan, as they are likely to cause confusion, or to cause mistake, or to deceive the affiliation, connection, or association of Zenacon's, Geeky Baby's, and Steven Verona's products with Choon's, or as to the origins, sponsorship or approval of Zenacon's, Geeky Baby's, and Steven Verona's goods, services or commercial activity in violation of Choon's rights.

91.     Zenacon, Geeky Baby, and Steven Verona have willfully engaged in acts of unfair competition.

92.     Zenacon's, Geeky Baby's, and Steven Verona's acts of unfair competition have caused, and if not restrained by this Court, will continue to cause Choon serious and irreparable injury for which it has no adequate remedy at law.

## COUNT X – ZENACON'S, GEEKY BABY'S, AND STEVEN VERONA'S INFRINGEMENT OF THE '576 DESIGN PATENT

93.     Choon incorporates and re-alleges Paragraphs 1 through 92 as each were fully set forth herein.

94.     The '576 design patent remains valid, enforceable and unexpired.

95.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona are directly infringing and have directly infringed the '576 design patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the Fun Loom, and the replacement kits.

96.     The Fun Loom includes a clip (pictured in Paragraph 19) that falls within the scope of the '576 design patent.  Replacement kits may also include a clip that falls within the scope of the '576 design patent.

97.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona have actual knowledge of the '576 design patent and knowledge of their infringement of the '576 design patent.

98.     Upon information and belief, Zenacon, Geeky Baby, and Steven Verona's infringement has been and continues to be willful and deliberate.

99.     As a result of Zenacon's, Geeky Baby's, and Steven Verona's infringement, Choon will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, Choon requests judgment in its favor against Zenacon, Geeky Baby, and Steven Verona for the following relief:

A.    An order adjudging that Zenacon, Geeky Baby, and Steven Verona have infringed the '565 patent and the '576 design patent;

B.    An order adjudging Zenacon, Geeky Baby, and Steven Verona to have willfully infringed the '565 patent and the '576 design patent;

C.    A preliminary and permanent injunction enjoining Zenacon, its officers, directors, agents, servants, employees and those persons in active concert or participation with Zenacon, Geeky Baby, and Steven Verona from directly or indirectly infringing the '565 patent and the '576 design patent in violation of 35 U.S.C. §271;

D.    An award of damages adequate to compensate Choon for Zenacon's, Geeky Baby's, and Steven Verona's infringement of the '565 patent and the '576 design patent;

E.    An award of damages adequate to compensate Choon for infringement including those damages provided for in 35 U.S.C. §154(d).

F.    An order for a trebling of damages and/or exemplary damages because of Zenacon's, Geeky Baby's, and Steven Verona's willful infringement pursuant to 35 U.S.C. §284;

G.    An order adjudging that this is an exceptional case;

18

H.    An award to Choon of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. §285 and as permitted under Choon's other claims;

I.    A permanent injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, parents, subsidiaries, licensees, and assigns, and all those in active concert or participation with any of them, from the following acts:

(a)    using, attempting to use, or registering, on or in connection with any business or service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any service or any goods, or for any purpose whatsoever: (1) the RAINBOW LOOM mark, or any other name, mark or designation which colorably imitates or is confusingly similar to said name or mark, alone or in combination with any other mark(s), designation(s), word(s), term(s) and or design(s); the C-clip trade dress, and (3) any false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendants or their products or services are connected to Choon or that Defendants' products and services come from or are approved or endorsed by Choon; and

(b)    otherwise engaging in acts, either directly or through other entities, of infringement and unfair competition;

J.    An order requiring Defendants to file with the Court and serve upon Plaintiff, within thirty (30) days after the entry of such order or judgment, a report in

19

writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

K.     A declaration that Defendants' acts of trademark infringement and unfair competition are knowing, willful and "exceptional" within the meaning of 15 U.S.C. §1117;

L.     Enter judgment that Defendants have injured Choon's business reputation and diluted the distinctive quality of famous marks and trade dress in violation of 15 U.S.C. §1125(c)(1);

M.    Enter judgment that Defendants have injured Bar's Products' business reputation and diluted the distinctive quality of famous marks and trade dress in violation of 15 U.S.C. § 1125(c)(1);

N.     Enter judgment that Defendants, with bad faith intent to profit from Choon's RAINBOW LOOM mark, has registered, trafficked in, and used, a domain name identical, dilutive, or confusingly similar to Choon's RAINBOW LOOM mark in violation of 15 U.S.C. § 1125(d);

O.     An order awarding to Choon actual damages and an accounting of Defendants' profits, including any statutory enhancements on account of the willful nature of Defendants' acts;

P.     Award actual or statutory damages for Defendants' violation of 15 U.S.C. § 1125(d)(1) in an amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just, pursuant to 15 U.S.C. 1117(d);

Q.     Enter an order pursuant to 15 U.S.C. § 1125(d)(IX)(ii)(c) that Defendants forfeit, cancel, or transfer the domain names www.rainbowloomplus.com, www.rainbow-

loom.com, www.rainbowloombands.com, and www.rainbowlooms.comt to Choon.

R.     Issue an order under 15 U.S.C. §1118 ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the RAINBOW LOOM mark and any colorable imitations of such mark, shall be delivered and destroyed.

S.     An award of prejudgment and post-judgment interest and costs of this action; and

T.     Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.


Dated: January 31, 2014          CARLSON, GASKEY & OLDS, P.C.

                                 /s/ Brian S. Tobin
                                 Theodore W. Olds, III (P42004)
                                 John M. Siragusa (P62573)
                                 Brian S. Tobin (P67621)
                                 Carlson Gaskey & Olds, P.C.
                                 400 W. Maple, Suite 350
                                 Birmingham, Michigan  48009
                                 Telephone:  (248) 988-8360
                                 Facsimile:  (248) 988-8363
                                 Email: tolds@cgolaw.com
                                        jsiragusa@cgolaw.com
                                        btobin@cgolaw.com

                                 *Attorneys for Plaintiff Choon's Design, LLC and Third-Party Defendant Cheong Choon Ng*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 31, 2014, I electronically filed the foregoing Second Amended Complaint and Jury Demand with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

CARLSON, GASKEY & OLDS, P.C.

By:    /s/ Brian S. Tobin_____
       Brian S. Tobin (P67621)
       Carlson Gaskey & Olds, P.C.
       400 W. Maple, Suite 350
       Birmingham, Michigan  48009
       Telephone:  (248) 988-8360
       Facsimile:  (248) 988-8363
       Email: btobin@cgolaw.com