UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN LLC,

    Plaintiff,

v.

ZENACON, LLC, STEVEN VERONA,
and GEEKY BABY, LLC,

    Defendants.
_____/

Civil Case No. 13-13568
Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REASSIGNMENT OF CASES

This case presently is before the Court on a "Motion for Reassignment of Cases" filed by Plaintiff Choon's Design, LLC ("Choon's Design") on March 18, 2014. In the motion, Choon's Design asks this Court to reassign to itself the various cases Choon's Design has filed in this District against alleged infringers of its patent for an invention sold under the trademark Rainbow Loom®. In support of the motion, Choon's Design relies on Eastern District of Michigan Local Rule 83.11(b).

### Factual and Procedural Background

In late 2011, Choon's Design introduced its Rainbow Loom product to the market. (Second Am. Compl. ¶ 8.) The Rainbow Loom is a loom designed to be

used with rubber bands to form links for making bracelets, necklaces, and other items. (*Id.*) By the Summer of 2013, the Rainbow Loom was touted as the " 'Summer's hottest craft craze' " and store owners indicated that it was "[t]he summer obsession" and was "flying off shelves so quickly that stores [couldn't] keep them in stock for long." (*Id.* ¶¶ 11, 12.)

Choon's Design has a United States registered trademark for RAINBOW LOOM and uses the mark in connection with the Rainbow Loom product. (*Id.* ¶ 14, Ex. B.) Choon's Design also owns several United States Patents that cover the Rainbow Loom product. (*Id.* ¶ 28.) Specifically, on July 16, 2013, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 8,485,565 ("the '565 patent"), entitled "Brunnian Link Making Device and Kit." (*Id.* ¶ 29, Ex. E.) On December 31, 2013, the USPTO issued United States Design Patent No. D696,576 ("the '576 design patent"), entitled "Clip for Securing Elastic Bands." (*Id.* ¶ 34, Ex. F.)

According to Choon's Design, several companies have starting selling products that imitate the Rainbow Loom product, including Defendants in this case: Zenacon, LLC and Geeky Baby LLC. (*Id.* ¶ 15.) Defendant Steven Verona is the owner of Zenacon and Geeky Baby. (*Id.* ¶ 6.) Choon's Design alleges that Defendants in fact initially sold the Rainbow Loom product alongside Defendants'

imitating "Fun Loom," without Choon's Design permission. (*Id.* ¶ 21.)

Choon's Design alleges that Defendants' Fun Loom infringes one or more claims of the '565 patent. (*Id.* ¶ 33.) Choon's Design also alleges that Defendants use the RAINBOW LOOM mark in connection with the sale of Defendants' products and have used the mark, or confusingly similar variations thereof, as domain names for websites to sell similar products without the permission of Choon's Design. (*See, e.g., id.* ¶¶ 23, 26-27.)

The Rainbow Loom product comes with "c-clips" which are used to hold together the ends of a bracelet or necklace created on the Rainbow Loom product. (*Id.* ¶ 13.) The '576 design patent relates to these c-clips. The clips "have a unique and non-functional 'c' shaped design, creating a distinctive look and feel for the clip used to connect rubber bands" and Choon's Design "exclusively uses this trade dress design for the c-clips that it sells with the Rainbow Loom." (*Id.* ¶¶ 16, 17.) Choon's Design alleges that the "c-clip trade dress is unique" and that Defendants copied this trade dress. (*Id.* ¶¶ 18, 19.)

In response to Defendants' conduct, Choon's Design filed this lawsuit on August 19, 2013, alleging various claims under the United States Patent Act and Lanham Act and Michigan law. Specifically, in its Second Amended Complaint filed January 31, 2014, Choon's Design alleges: (I) direct infringement of the '565

patent; (II) contributory infringement of the '565 patent; (III) inducing infringement of the '565 patent; (IV) infringement of the RAINBOW LOOM mark in violation of the Lanham Act, 15 U.S.C. § 1114; (V) trademark infringement (specifically, false designation of origin) in violation of the Lanham Act, 15 U.S.C. § 1125(a); (VI) trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a); (VII) cyberpiracy in violation of the Lanham Act, 15 U.S.C. § 1125(d); (VIII) violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1); (IX) unfair competition in violation of Michigan common law; and (X) infringement of the '576 design patent.  (ECF No. 35.)

Subsequent to the filing of the present lawsuit, Choon's Design initiated several additional lawsuits against other alleged infringers of the '565 patent which have been assigned to different judges within this District.  As of the filing of the pending motion, those lawsuits are:

| Case No. | Named Defendant(s) | Assigned Judge | Date Filed |
|---|---|---|---|
| 13-13569 | LaRose Indus., LLC, et al. | Hon. Terrence G. Berg | 8/19/13 |
| 14-10847 | NGS iCommerce Enter. Corp. | Hon. Stephen J. Murphy III | 2/24/14 |
| 14-10848 | Tristar Products, Inc. | Hon. Victoria A. Roberts | 2/24/14 |
| 14-11102 | Quality Innovations, Inc. | Hon. Robert H. Cleland | 3/14/14 |

The cases are at varying stages of the litigation process. When initiating these

lawsuits, Choon's Design did not identify them as possible companion matters to the above-captioned matter.[1]

In fact in its pending motion, Choon's Design acknowledges that the matters are sufficiently different that they probably cannot be consolidated as companion matters. (ECF No. 51 at Pg ID 1134.) Nevertheless, Choon's Design filed the pending motion because it believes docket and/or judicial efficiency may be best served if the cases are brought before a single judge. (*Id.*) Choon's Design contends that "similar legal issues *may* be raised in all of the Pending Suits[]" and that "[e]ach of the Pending Suits will likely require the court to conduct a '*Markman* hearing' by which the court determines the proper meaning of Choon's Design patent claims." (*Id.* at Pg ID 1136, emphasis added.) Choon's Design believes that subsections (2) and (3) of Eastern District of Michigan Local Rule 83.11(b) therefore support its request for reassignment.

## Analysis

Local Rule 83.11(b), titled "Reassignment of Civil Cases[,]" provides in relevant part:

(2) To promote docket efficiency, or to conform to the requirement of

---

[1] Eastern District of Michigan Local Rule 83.11 requires counsel to "bring companion cases to the court's attention by responding to the questions on the civil case cover sheet or in the electronic filing system." E.D. Mich. LR 83.11(7)(C).

> any case management plan adopted by the Court, or upon consent of the parties, or after notice and hearing, or in the interests of justice, the Chief Judge may order a civil case to be reassigned, but only with the consent of the Judge to whom the case was originally assigned and with the consent of the Judge to whom it is to be reassigned.
>
> (3) To promote judicial efficiency in cases not requiring reassignment under these Rules, the Judges, after notice to the parties and opportunity to respond, may jointly order consolidation of some or all aspects of related cases.

E.D. Mich. Local Rule 83.11(b). The rule does not provide for, nor invite, motions by counsel. As the rule plainly states, reassignment decisions lie within the *collective* discretion of the *judges* to whom the cases are assigned, and the Chief Judge with respect to subsection (2). This alone precludes this Court from granting the pending motion.

In addition, it is not at all evident that bringing the pending cases filed by Choon's Design before one judge will promote docket and/or judicial efficiency. First, Choon's Design has not identified which claim(s) of its '565 patent are infringed by the defendants in the various matters. As such, it is not apparent that construction of the same claims will be required in any *Markman* hearings conducted in these cases. Relatedly, while Choon's Design alleges infringement of the '565 patent by all of the defendants it has sued, it also asserts infringement of one or more other patents and/or trademarks in the pending matters, and not all of

-6-

the cases involve the same additional patents or trademarks.[2]

Next, the matter pending before this Court involves a larger breadth of claims than all but one of the other cases brought by Choon's Design.[2] Here, Choon's Design alleges numerous claims under the Lanham Act and Michigan law that are not asserted in the cases pending before Judge Berg, Judge Murphy, or Judge Roberts. Finally, aside from a *potential* overlap of the claim(s) that may need to be construed at *Markman* hearings, there is no apparent overlap of the other issues to be litigated in the different lawsuits. Each case involves different defendants with different products that allegedly infringe upon Choon's Design's Rainbow Loom product. The different defendants do not necessarily use the same channels to market their alleged infringing products, did not necessarily begin competing with Choon's Design at the same time, and their alleged infringement

---

[2] Specifically, the above-captioned matter involves the '565 patent and the '576 design patent. Choon's Design does not allege infringement of the '576 design patent in any other case. The cases before Judge Murphy, Judge Roberts, and Judge Cleland involve the '565 patent, as well as United States Patent No. 8,622,441. Unlike any of the other cases, Choon's Design asserts infringement of United States Trademark Registration No. 4,345,796 in the case assigned to Judge Cleland.

[2] The claims asserted by Choon's Design in the present matter overlap the claims it asserts in the case before Judge Cleland. Nevertheless, except for the '565 patent, those claims relate to different trademarks or patents than the present matter.

has not necessarily caused the same damage(s) to Choon's Design.  As such, discovery in the various matters is not likely to overlap.

For these reasons, the Court concludes that neither docket nor judicial efficiency will be served by bringing the lawsuits filed by Choon's Design before a single judge.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Reassignment of Cases is **DENIED**.

Dated: April 10, 2014         s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Brian S. Tobin, Esq.
Steven C. Susser, Esq.
Amy E. McCracken, Esq.

Hon. Gerald E. Rosen
Hon. Terrence G. Berg
Hon. Stephen J. Murphy
Hon. Victoria A. Roberts
Hon. Robert H. Cleland