UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CHOON'S DESIGN LLC**,
a Michigan limited liability company,

       Plaintiff

v.

**ZENACON, LLC**,
a Florida limited liability company,
**STEVEN VERONA**, an individual, and
**GEEKY BABY, LLC,** a Florida limited liability company,

       Defendants

_____

**GEEKY BABY, LLC,** a Florida limited liability company,
**ZENACON, LLC**,
a Florida limited liability company,

       Third Party Plaintiffs

v.

**CHEONG CHOON NG**, an individual,

       Third Party Defendant.
_____

Case No. 2:13-cv-13568

Hon. Laurie J. Michelson

## **PROTECTIVE ORDER**

      Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order governing discovery between Plaintiff Choon's

1

Design, LLC, Defendants Zenacon, LLC, Geeky Baby, LLC and Steven Verona, third party Cheong Choon Ng, and non-parties to this action subject to Paragraph 11[1]:

1. **Confidential Information** – Any document[2] or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as confidential research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend the above-captioned lawsuit ("this

---

[1] This Protective Order has not been reviewed by Idea Village Products Corp., or its counsel.
[2] Throughout this protective order, "document" includes any written, printed, typed, stored, photographed, recorded or otherwise reproduced Communication, compilation or reproduction including computer or electronically generated or stored information or data, and specifically includes all forms of electronic data. In this definition of "document", the term "Communication" means any oral, written or electronic transmittal of information or request for information made from one Person to another Person, whether made in Person, electronically, by telephone or by any other means and includes any document(s) made for the purpose of recording a Communication.

Action") and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a.    The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b.    Vendors retained by the named parties' attorneys including litigation support services and the following categories of persons: independent legal translators retained to translate in connection with this lawsuit; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this lawsuit; graphics, translation, or design services retained by the named parties' attorneys for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this lawsuit; and non–technical jury or trial consulting services (expressly excluding mock jurors).

    c.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 8 below.

  d.  Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

  e.  This Court and its staff members.

  f.  Mediators or case facilitators appointed by this Court and/or agreed to by the parties.

3. **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (confidential information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized person, such as a trade secret, or highly confidential research and development information related to the producing party's products, commercial, or other highly sensitive information, license agreements or other highly confidential technical, research and development, or financial information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

4. **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this Action and shall not

be disclosed to (nor the content discussed with) anyone other than the following persons:

    a.    Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel)

    b.    Vendors retained by outside attorneys of record including litigation support services and the following categories of persons: independent legal translators retained to translate in connection with this lawsuit; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this lawsuit; graphics, translation, or design services retained by outside attorneys of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this lawsuit; and non–technical jury or trial consulting services (expressly excluding mock jurors).

    c.    Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 8 below.

      d.      Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

      e.      This Court and its staff members.

      f.      Mediators or case facilitators appointed by this Court and/or agreed to by the parties.

5.    **Confidential Information – Patent Prosecution Bar** – Any document or thing that a party in good faith believes to contain confidential information that is not publicly available (confidential information that is sensitive and would create a substantial risk of injury to the disclosing party if disclosed to a person participating in, prosecuting, supervising, or otherwise assisting in patent prosecution[3] to which the subject matter of the information relates, such as information that could be included in a patent application and/or form the basis or part of the basis for a claim or claims thereof, a trade secret, confidential research and development information related to the producing party's products, or other confidential technical, research and development information), may be produced

---

[3] Throughout this protective order, "patent prosecution" includes all forms of practice and proceedings at the United States Patent and Trademark Office, including, for example, both examination proceedings before examination units and review proceedings before the Patent Trial and Appeal Board.

by that party with the clear and obvious designation "CONFIDENTIAL –PATENT PROSECUTION BAR". Notwithstanding, other confidential information of the parties, such as commercial or business information, or any other information not covered by the description set forth above, does not fall within this category.

6. **Non-Disclosure of Confidential – Patent Prosecution Bar Information** – Any document or thing designated "CONFIDENTIAL – PATENT PROSECUTION BAR" may only be used to prosecute or defend this Action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

    a. Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel) subject to the limitations of Paragraph 16 below.

    b. Vendors retained by outside attorneys of record including litigation support services and the following categories of persons: independent legal translators retained to translate in connection with this lawsuit; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this lawsuit; graphics, translation, or design services retained by outside attorneys of record for purposes of preparing demonstrative or other exhibits for

      deposition, trial, or other court proceedings in this lawsuit; and non–technical jury or trial consulting services (expressly excluding mock jurors) subject to the limitations of Paragraph 16 below.

   c.   Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 8 below and subject to the limitations of Paragraph 16 below.

   d.   Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order and subject to the limitations of Paragraph 16 below.

   e.   This Court and its staff members.

   f.   Mediators or case facilitators appointed by this Court and/or agreed to by the parties.

7.   **Native Documents** – A producing party that produces documents in native format shall give the produced document a production filename that

includes, in addition to a production number, text to indicate the appropriate confidentiality designation under this Protective Order. Text in the production filename of "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL," or "PROSECUTION BAR," shall serve to designate that the document is either public or carries the respective confidentiality designation under the Protective Order: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR."

A producing party that produces documents in native format will also include a load file with a field for each document that includes the full text of the appropriate confidentiality designation, if any, in the Protective Order: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR."

8. **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR" are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of the proposed expert including a signed copy of

Exhibit A from any such proposed expert or consultant and along with the current curriculum vitae of any such proposed expert or consultant.. If the producing party objects to the expert within those ten (10) days, no designated material or information of the producing party shall be disclosed to the expert or consultant until the issue is resolved by the Court or by mutual agreement of the parties.

9.  **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

10. **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed pursuant to Local Rule 5.3. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

11      **Discovery from Third Parties** – This Protective Order may apply to discovery sought from persons or companies who are not parties to this lawsuit, as long as that non-party agrees in writing to be bound by the terms of this Protective Order. Third parties may designate information produced under the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR" designations.

12.     **Challenging "Confidential" or "Highly Confidential" or "Confidential – Prosecution Bar" Designation** – The acceptance by a party of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR" shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P.26 (c), or some

other basis. Any party that wishes to challenge the designation of any document, thing, or testimony as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR" under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

13. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

14. **Termination of Lawsuit** – Within thirty (30) days after final disposition of this action, including any appeals, all documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PATENT PROSECUTION BAR," and all copies thereof, shall either be returned to the party that produced them, or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files subject to the restrictions of Paragraph 16 below.

15. **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days. A producing party may notify the receiving party in writing that produced documents or information are subject to the attorney-client privilege, work product immunity, or any other applicable privilege. Within five (5) business days of this notice, unless there is an objection, the receiving party shall return or destroy all such documents or information and all copies thereof, including those that have been shared with experts, consultants, and vendors, and confirm in writing that all such documents or information have been returned or destroyed. No use shall be made of such documents or information during depositions, through motion practice, or at trial. In the case of such returned production, the producing party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the receiving party. The receiving party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure. The motion shall be filed under seal and shall not assert as a ground for production the fact of

the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).

16. The Plaintiff, Third Party Defendant, any attorney representing Plaintiff or Third Party Defendant, whether in-house or outside counsel, and any person retained by Plaintiff or Third Party Defendant or attorneys of Plaintiff or Third Party Defendant, who obtains, receives, or otherwise learns, in whole or in part, information in documents or things designated as CONFIDENTIAL – PATENT PROSECUTION BAR under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application, reexamination or reissue pertaining to the subject matter of the patent-in-suit, and shall not participate, prosecute, supervise, or assist in any practice or proceeding before the P.T.A.B. involving any patent pertaining to the subject matter of the patent-in-suit, within two (2) years from disclosure of the information or one (1) year after conclusion of this Action (including any appeals), whichever period is longer. For clarity, this prosecution bar does not apply to any individual that inadvertently receives or obtains any documents or things designated as CONFIDENTIAL – PATENT PROSECUTION BAR provided such individual does not learn, in whole or in part, information in such documents or things. This prosecution bar is personal to the person reviewing such information designated as

CONFIDENTIAL – PATENT PROSECUTION BAR and shall not be imputed to any other person or entity. Nothing in this paragraph shall prevent any attorney from sending prior art materials to an attorney involved in patent prosecution for purposes of ensuring that such prior art materials are submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. In recognition of the strict prohibition, any party producing anything designated as CONFIDENTIAL – PATENT PROSECUTION BAR shall segregate that information from all other categories of documents.

17. By affixing their signatures below, the parties agree to abide by the terms of this proposed Protective Order until this Protective Order or a further protective order is entered by the Court. Upon the signing of this Order by the District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Protective Order effective nunc pro tunc to the date of such party's signature.

STIPULATED AS TO FORM AND SUBSTANCE:

          CARLSON, GASKEY & OLDS, P.C.

Date: May 9, 2014          /s/Brian S. Tobin
          Brian S. Tobin
          Carlson, Gaskey & Olds, P.C.
          400 W. Maple Rd., Suite 350
          Birmingham, MI 48009
          Telephone: (248) 988-8360
          Facsimile: (248) 988-8363
          Email: btobin@cgolaw.com

          Counsel for Plaintiff


          DUANE MORRIS LLP

Date: May 9, 2014          /s/Amy E. McCracken
          Amy E. McCracken
          Duane Morris LLP
          190 South LaSalle Street, Suite 3700
          Chicago, IL 60603
          Telephone: (312) 499-6700
          Facsimile: (312) 499-6701
          Email: aemccracken@duanemorris.com

          Counsel for Defendants

**SO ORDERED.**

Dated: May 19, 2014          s/ Laurie J. Michelson
          The Honorable Laurie J. Michelson
          United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 19, 2014.
          s/Jane Johnson
          Deputy Clerk

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**CHOON'S DESIGN LLC**,
a Michigan limited liability company,

       Plaintiff

v.

**ZENACON, LLC**,
a Florida limited liability company,
**STEVEN VERONA**, an individual, and
**GEEKY BABY, LLC,** a Florida limited
liability company,

       Defendants

_____

**GEEKY BABY, LLC,** a Florida limited
liability company,
**ZENACON, LLC**,
a Florida limited liability company,

       Third Party Plaintiffs

v.

**CHEONG CHOON NG**, an individual,

       Third Party Defendant.

Case No. 2:13-cv-13568-PJD-RSW

Hon. Patrick J. Duggan

_____

# EXHIBIT A – AGREEMENT TO BE
# BOUND BY PROTECTIVE ORDER

    I, _____, declare as follows:

17

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL – PATENT PROSECUTION BAR" with anyone other than the persons described in the Protective Order and I specifically acknowledge the restrictions pursuant to Paragraph 16 of the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – PATENT PROSECUTION BAR," or information

learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____                    _____
                                                    [Signature]