UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOON'S DESIGN LLC,

       Plaintiff,                                 No. 13-13568

v.                                           District Judge Laurie J. Michelson
                                               Magistrate Judge R. Steven Whalen

ZENACON, LLC, ET AL.,

       Defendants.
                                  /

**OPINION AND ORDER**

This is a patent case. Before the Court is a motion to quash non-party subpoena filed by Toys "R" Us-Delaware, Inc. ("TRU")[Doc. #25].

In a nutshell, this case involves a claim that Defendants Zenacon, LLC, Geeky Baby, LLC, IdeaVillage Products Corporation, and Steven Verona are infringing on Plaintiff Choon's Design, LLC's ("Choon's") patent as to a product known as the Fun Loom. The Defendants produce and sell an allegedly infringing product known as the Fun Loom.

Choon's served a Rule 45 document subpoena on TRU, which is a non-party to this case. However, TRU *is* a party to another patent suit that Choon's filed in this Court, specifically *Choon's Design, LLC v. LaRose Industries, LLC, et al.*, E.D. Mich. Case No. 13-13569, which is assigned to Judge Terrance Berg. In that case (the "Cra-Z-Loom litigation"), TRU is accused of selling an infringing product known as the Cra-Z-Loom.[1] On December 10, 2013, Judge Berg stayed discovery in that case, and ordered the case to

---

[1] Choon's claims that TRU "at some point began selling the Fun Loom product in addition to the Cra-Z-Loom product." *Plaintiff's Response*, Doc. #36, p. 3.

-1-

facilitation. This included a stay of Choon's discovery requests to TRU.

Subsequently, Choon's served its Rule 45 document subpoena on TRU in the present case. Choon's request was substantially identical to its discovery request to TRU in the Cra-Z-Loom litigation, in that each request in this case was directed at the Fun Loom "or any other loom products that are used for creating liked articles from bands." In the present case, TRU has moved to quash to Rule 45 subpoena on two grounds: (1) the subpoena is an end-run around Judge Berg's order staying discovery, and (2) the requests are irrelevant and unduly burdensome on TRU.

On January 17, 2014, the Defendants filed a Motion to Stay Pending Inter Partes Review of the Patent-in-Suit [Doc. #27].[2] On February 25, 2014, I entered an order [Doc. #48] staying the non-party subpoena to TRU pending a decision on the motion to stay. My order also provided that "[i]f the motion to stay [Doc. #27] is denied, or if any stay is eventually vacated, the substance of the present motion to quash is TAKEN UNDER ADVISEMENT, and the Court will issue a written decision."

Two subsequent events impact my consideration of the present motion. First, on June 26, 2014, the Honorable Laurie J. Michelson entered an order in this case denying Defendants' motion to stay without prejudice [Doc. #78]. Secondly, on July 29, 2014, Judge Berg denied the Defendants' (including TRU's) motion to stay in the Cra-Z-Loom litigation. That order (Case No. 13-13569, Doc. #49) also directed as follows:

> "Finally, Defendants' responses to Plaintiff's previously served written discovery requests must be served by Defendants to Plaintiffs on or before September 2, 2014."

As stated, Choon's discovery requests in the present case, which are directed at the

---

[2] Inter Partes Review is a process in which Defendants ask the United States Patent and Trademark Office to reconsider the grant of the patent-in-suit.

Fun Loom "or any other loom products," are substantially congruent with the discovery requests to TRU in the Cra-Z-Loom litigation. There would be no additional burden on TRU to produce the requested information in this case. Moreover, in the context of TRU as a non-party in the present case, the information is highly relevant. "[T]he United States Court of Appeals for the Federal Circuit has recognized that sales information from non-parties may be relevant on the issue of commercial success." *DeGregorio v. Phillips Electronics North America Corporation*, 2007 WL 4591966, *2 (N.D. Ill. 2007), citing *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211 (Fed.Cir. 1987). Commercial success, in turn, is relevant to show that the patented device is non-obvious. *DeGregorio* at *2, citing 2 IP Litigation Guide: Patents & Trade Secrets § 15:31 (2007).

In summary, Choon's subpoena to TRU requests relevant and discoverable information, its production imposes no undo burden on TRU, and the Cra-Z-Loom litigation no longer stands in the way.

Accordingly, TRU's motion to quash discovery [Doc. #25] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 28, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 28, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
