# KREMBLAS & FOSTER
### Attorneys At Law - Intellectual Property Law
### Patents, Trademarks & Copyrights
### Columbus, Ohio

Frank H. Foster
Jason H. Foster LPA, Inc.

*Of counsel*
Yimei C. Hammond

Phillip J. Pollick, retired
Frank T. Kremblas, 1937-2006

7632 Slate Ridge Blvd.
Reynoldsburg, Ohio 43068-8159
Phone: 614/575-2100
Fax: 614/575-2149
info@ohiopatent.com
www.ohiopatent.com

June 26, 2013

Via Regular Mail & Email

John M. Siragusa
CARLSON, GASKEY & OLDS
400 West Maple Road
Suite 350
Birmingham, MI 48009

        RE:    Unauthorized Use of Intellectual Property
                    Of Choon's Designs LLC
                    Our File No.: VEROX 157

Dear Mr. Siragusa,

      This firm represents Zenacon, LLC in intellectual property law matters. We are in receipt of your letters dated June 14, 2013 and June 21, 2013. We have prepared this brief reply to address some immediate matters that will be of interest to you and your client. Nevertheless, the extensive study which we are undertaking may necessitate a further and more extensive reply.

      Regarding your allegations of copyright and trademark infringement by my client's use of the Rainbow Loom trademark on web sites and in domain names, and by use of photographs of your client's products on my client's web sites, we think this legitimate activity is readily explained and was known by your client to be legitimate. My client has been offering for resale legitimately purchased copies of your client's products, and has done so by communicating accurately the identity of your client's products to prospective customers. My client also used photographs that accurately depict the products he offered for resale. We recognize that your client does not wish for my client to use photographs of its product, even when re-selling legitimately purchased copies of your client's products. Therefore, in the spirit of cooperation my client has taken down all web pages it controls that include photographs of your client's

products. You will also find that my client no longer offers to resell your client's products, and no longer promotes domain names that include your client's product name. These steps should address and resolve your client's copyright and trademark concerns.

I found it curious that you stated, "we demand that you cease your unauthorized sales of our client's products including the Rainbow Loom Kits and replacement rubber bands on your website". Although our client has ceased all re-sale of your client's products, I am unaware of any legal basis your client would have for restricting our client from re-selling your client's products that our client purchased legitimately and sells with accurate information about the products. Indeed, it appears that any limitations that your client tries to place on legitimate re-selling of your client's products (other than by contract) would be a restraint of trade. If you disagree, please advise and explain the basis.

My client has made, and continues to make, nominative fair use of your client's trademark, and your client has no basis to demand that my client cease this activity. It is perfectly legitimate for my client to sell rubber bands that are "for use with Rainbow Loom" products. Such uses do not imply or suggest that my client is associated with your client. Nor is my client suggesting that its products are your client's products. Instead, my client is communicating accurately that it is selling rubber bands that work with your client's loom product. The use of your client's product name to communicate accurately the products my client's rubber bands work with does not create a likelihood of confusion. Instead, my client's nominative fair use is acceptable and my client does not need your client's authorization to continue using its trademark in this manner.

We have studied your client's patent application (Serial Number 13/227,638) briefly, and it appears to have been allowed based on limited prior art. In a short period of time we found multiple prior art references that were neither considered during the prosecution of your client's patent application, nor are substantively the same as any reference that was considered. For example, there are numerous looms that have axial grooves and enlarged heads, and these looms were being sold well before the filing date of your client's patent application. None of these were cited to the United States Patent and Trademark Office during prosecution of your client's application, and at least some were patented well before your client's application filing date. Thus, the patent that is about to be granted would readily be invalidated during litigation or reexamination, and any enforcement of the same would expose your client to damages for deliberately hiding such references from the United States Patent and Trademark Office during prosecution, assuming he knew about these products. I enclose two patents that clearly show the types of looms your client's allowed claims encompass, and which pre-date your client's application. These are two examples of patents that we found in very brief searching, and should be presented to the United States Patent and Trademark Office, along with other similarly close references, for full consideration before your client's patent is granted.

I take issue with the false statement that "Choon's Design's has obtained patent protection covering the Rainbow Loom product", which was made prior to the granting of a patent. A patent had not been granted as of your June 14, 2013 letter. Indeed, the issue fee had only been paid two days earlier, which you were aware of because you signed both the June 14th letter and the June 12th document transmitting the fee. My client also has substantial evidence

that your client has been falsely advising its customers (which are also my client's prospective customers) that a patent has been granted. Your client has also threatened its customers that if they purchase products from our client, your client will no longer sell to them. These actions amount to tortious interference, patent misuse, and false marking in violation of 35 U.S.C. §292.

At this point, our client has a good argument for inequitable conduct and/or unclean hands due to actions and omissions described above. I expect that your client will withdraw its complaint about our client's nominative fair use and resale of legitimately purchased products, retract its false statements about a patent being granted and confer with you about the enclosed and other prior art that should have been cited to the United States Patent and Trademark Office during prosecution. If this dispute proceeds further and any competitive harm occurs, we will not hesitate to enforce our client's rights.

Sincerely,

Jason H. Foster

JHF/cw

cc: Steven Verona

Encl.: United States Patent No. 7,506,524 and United States Patent No. 7,578,146

p:\client.docs\v\verona, steven - verox\157 loom dispute\ltr siragusa.docx